# FAYETTE COUNTY.

## June Term, 1792.

### JOHN PORTER *v.* BASIL BROWN.

IN *aſſumſit*, there were three counts. The two firſt
were on a ſpecial undertaking to pay *Porter* 33*l.* 9*s.*
with intereſt from 15th *November*, 1787, due by one
*Campbell*, by bond dated 27th *March*, 1788. The con-
ſideration of this promiſe was the ſale of a houſe by
*Campbell* to *Brown*, on which *Porter* had a mortgage
for the ſum demanded. The third count was for money
had and received. The bond produced had no date, but it
had been paſted to the mortgage, which was dated 27th
*March*, 1788, and recited a bond of the ſame date, and
for the ſame ſum.

It was proved, that, about a month after the date of
the mortgage, *Brown* ſent a meſſage to *Porter*, that
*Campbell* had left this country, that he had purchaſed
*Campbell's* houſe mortgaged to *Porter*, and, by contract,
was to pay the debt due to *Porter* ; that he would come
to *Porter*, but was afraid of the ſmallpox ; but if *Porter*
would come to him, he would give his own bond
for the money, and ſecurity if required ; and that all
that he wanted was a little time to make the payment.
This meſſage was delivered to *Porter*, who ſaid he was
ſatisfied. *Porter* did not record his mortgage.

*Roſs* for the defendant. The plaintiff cannot recover
on the firſt or ſecond count, as the declaration ſtates a
bond dated 27th*November*, 1788, and the bond ſhewn has
no date. And if he undertake to recite a deed, he muſt
do it exactly ; or if he ſtate a ſpecial agreement, he
muſt prove it as laid. He cannot recover on the third
count, for he has proved no money received by the de-
fendant for his uſe.

*Woods* for the plaintiff. The bond is but matter of
inducement ; not the gift of the action. It has been
paſted to a mortgage, which recites it as of even date,

1792.

and is dated 27th *March* 1788. On the third count the plaintiff will recover; for the house being then bound to the amount of the mortgage, it will be presumed, that, when *Brown* bought the house, he gave the price, and got back so much from *Campbell* as would pay the plaintiff. In the cafe of *Farnefly v. Murphy*, in the court of Common Pleas of *Allegheny* county, a cafe refembling the prefent, the plaintiff recovered by the direction of the court, on the authority of decided cafes.

PRESIDENT. Where the plaintiff's proceedings have carried any appearance of hardfhip on the defendant, as in penal actions; or where the pleadings have been unneceffarily extended by him; he has been held to very ftrict rules; and opportunities have been eagerly feized, to nonfuit him. He has been treated with much greater indulgence, when the plain rules of juftice have required, that he fhould recover.

The declaration is of a debt due on a bond, dated 27th *March*, 1788. The bond produced is without date. The declaration ftates a promife to pay a debt due on a bond. The evidence is of a debt due on a mortgage. It might be faid, that the date of a bond is immaterial, and the bond itfelf but matter of inducement. And as the ground of the action is not the bond of *Campbell*, but the promife of *Brown*, it may be queftioned, whether the variance be material, and whether there ought not to be a recovery on the firft or fecond count. We fhould be unwilling to nonfuit a plantiff on a mere formal exception: and, in this cafe, we conceive ourfelves not to be under this neceffity, becaufe, in our opinion, he ought to recover on the third count. We rely on the authorities, on which the decifion in the cafe of *Farnesly v. Murphy* was founded, and on all the circumftances of this cafe. The confideration was valuable and full.— *Porter's* conduct was fair and indulgent; and his claim juft. Relying on the promife of *Brown*, he did not record his mortgage, and fo loft his lien on the houfe, which remained unincumbered in the hands of *Brown*. The two firft counts for the fame fum gave *Brown* notice of the nature of the demand, and prepared him to anfwer it. In fuch a cafe, every prefumption poffible of methods in which the defendant, by receiving the houfe, might have received money for the ufe of the plaintiff,

<div style="margin-left: 2em; font-size: small;">

1792.

*March Term 1792, Ante. p. 22.*

*Alcorn verfus Weftbroke*, 1 Wils, 115. *Payne v. Bacombe, Doug.* 628.

*Perry v. Nicholfon*, 1 Bur. 278.

</div>

ought to be made: and there should be a verdict for    1792.
33*l.* 9*d.* with interest from 15th *March,* 1787.
The jury found a verdict for 42*l.* 12*s.* 4*d.*

NOTE.—The following cases were not known here, when
*Porter v. Brown* was tried. *Israel v. Douglass,* in C. B. *H. Bla.* 239.
Easter Term, 1789.—The first count was for money had
and received. The defendant was indebted to *D.* 64*l.* 9*s.*
who was indebted to the plantiff 40*l.* *D.* applied to the
plantiff to lend him a further sum. The plantiff refused
without security. *D.* gave him an order on the defendant
for the sum due to him. The plaintiff sent this order to
the defendant, who agreed to pay the plantiff the sum
really due to *D.* and thereupon *D.* received 70*l.* from the
plaintiff. Lord *Loughborough,* Chief Justice, *Gould* and
*Heath,* Justices, thought this sufficient to support the count
for money had and received. *Wilson,* Justice, thought not,
unless it had been shewn, that money had been received by
the defendant for the use of *D.*

*Leery v. Goodson,* B. R. Easter Term, 1792. The plain- 4 *T. Rep.* 687.
tiff having distrained pictures of *P.* his tenant, the de-
fendant agreed, if the plaintiff would deliver the pictures
to him, that he would pay the rent. The court held, that
this would not support a count for money had and received;
and that a sale of the pictures by the defendant could not
be presumed here, as in the case of the masquerade ticket; for *Doug.* 132.
a contrary presumption rises, from his receiving the pic-
tures, to avoid their being sold.